UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DUANE TIPTON,<br>    #69967 | )<br>)<br>) | |
| Plaintiff, | )<br>) | 3:10-cv-00275-RCJ-RAM |
| vs. | ) | |
| JACK PALMER, | )<br>) | **ORDER** |
| Defendant. | )<br>)<br>) | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #5). Based on the information regarding plaintiff's financial status in the Application to Proceed *in Forma Pauperis*, plaintiff is required to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.

The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must *prepay* -- plaintiff will be required to prepay an initial installment of $1.66, instead of having to prepay the full $350 filing fee for this action. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case. (Docket #4). A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel. As discussed below, plaintiff's claims do not appear complex nor has he alleged any extraordinary circumstances that would warrant appointment of counsel. Plaintiff's motion for the appointment of counsel is denied.

The court now reviews the complaint.

**II. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however

///

inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///

///

///

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**III. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison, has sued Lovelock Correctional Center ("LCC") Warden Jack Palmer, corrections officers Sorci and Jones, Admin. Lt. Ward and a shift sergeant (John Doe IV).[1] Plaintiff claims that in June 2009, while incarcerated at LCC, he was cleaning windows when he fell from a ladder from a height of ten feet. He alleges that he refused medical treatment at the time because he did not want to be "charged for a man down." He claims that he later learned that it was mandatory to be seen by medical staff after a work injury. Plaintiff alleges that he told officer Sorci that he was in pain and needed medication and that Sorci advised him to borrow medication from other inmates and that he could repay the inmates later. Plaintiff also claims that he when he later asked to be seen by medical personnel, his request was refused. While the complaint is unclear, it appears that plaintiff claims that at some point he filed a grievance about Sorci, and that in retaliation Sorci searched his cell and found contraband (jean material). Plaintiff alleges that Sorci threatened plaintiff, telling him that if he didn't drop his grievance, Sorci would "make his life here hell, and if plaintiff dropped grievance that he will make plaintiff's life here easier." Plaintiff alleges that defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

**A. Claims Against Warden Palmer**

Plaintiff names LCC Warden Jack Palmer as a defendant. However, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior

---

[1] Plaintiff is advised that the term "John Doe" is used when a plaintiff does not know the identity of a defendant. Thus, "Doe" is not necessary for the defendants that plaintiff has identified by name in this action.

4

liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff merely alleges that Warden Palmer is responsible for the operation and management of LCC and for the training and supervision of its correctional personnel. Plaintiff does not describe any specific actions by Warden Palmer, nor does he allege that Warden Palmer had knowledge of or participated in any alleged civil rights violation. Defendant Palmer is dismissed from this action.

### B. Eighth Amendment Claims

Plaintiff's allegations that he was refused medical treatment after falling ten feet from a ladder may implicate his Eighth Amendment rights. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

If the prison's medical staff is not competent to examine, diagnose, and treat inmates' medical problems, they must "refer prisoners to others who can." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982); *see also Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (*per curiam*); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111-12 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff's allegations related to the Eighth Amendment are so vague that the court is unable to determine whether they are frivolous or fail to state a claim for relief. Accordingly, as will be discussed below, these claims will be dismissed, but plaintiff will be granted leave to amend the complaint.

///

**C. Retaliation Claims**

Plaintiff's allegations that he was threatened with retaliation for filing grievances may implicate his First Amendment rights. "A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). There is a First Amendment right to petition the government through prison grievance procedures. *See Rhodes*, 408 F.3d at 567; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced.") (emphasis in original); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001).

///

The court finds plaintiff's allegations related to the First and Eighth Amendment so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Accordingly, these claims will be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #5) is **GRANTED.** Plaintiff Duane Tipton, **Inmate No. 69967**, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. However, plaintiff must pay an initial installment of the filing fee in the amount of **$1.66.** Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

///

1  **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful,
2  the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation
3  Reform Act of 1996.

4  **IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of entry
5  of this order to have the initial installment of the filing fee, in the amount stated above, sent to the Clerk
6  in the manner described below. Failure to do so may result in the immediate dismissal of this action.

7  **IT IS FURTHER ORDERED** that the Clerk shall **SEND** plaintiff two copies of this Order.
8  Plaintiff must make the necessary arrangements to have one copy of this Order, attached to a check in
9  the amount of the initial installment of the filing fee, sent to the Court, by sending a copy of the Order
10 with a "brass slip" to Inmate Services for issuance of the check.

11 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner
12 Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of the United
13 States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account
14 (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action.
15 **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada**
16 **Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

17 **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket #4)
18 is **DENIED**.

19 **IT IS FURTHER ORDERED** that all claims against Jack Palmer are dismissed. Jack Palmer
20 is dismissed from this action.

21 **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO**
22 **AMEND**.

23 **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this
24 Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The
25 amended complaint must be a complete document in and of itself, and will supersede the original
26 ///

complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-CV-00275-RCJ-RAM**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

Dated: This 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE